UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM KWONG; *et al.*,<br><br>    Defendants.<br>_____/ | No. C-11-4071 EMC (pr)<br><br>**ORDER TO SHOW CAUSE RE CONTEMPLATED DISMISSAL** |

Ruchell Cinque Magee, a prisoner at California State Prison-Corcoran has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915.

The Prison Litigation Reform Act of 1995 ("PLRA") bars plaintiffs from bringing civil rights actions *in forma pauperis*, "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment. *Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

For purposes of a dismissal that may be counted under § 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case

United States District Court
For the Northern District of California

1 "filed with the 'intention or desire to harm another.'" *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted). Only cases within one of these three categories can be counted as strikes for § 1915(g) purposes, so the mere fact that Magee has filed many cases that were not successful, does not alone warrant a denial of pauper status under § 1915(g). *See id.* Rather, dismissal of an action under § 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim." *Id.*

*Andrews* requires that the prisoner be given notice of the potential applicability of § 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that § 1915(g) does not bar pauper status for him. *Id*. *Andrews* implicitly allows the Court to *sua sponte* raise the § 1915(g) problem, but requires the Court to notify the prisoner of the earlier dismissals it considers to support a § 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissing the action. *See id.* at 1120. A dismissal under § 1915(g) means that the prisoner cannot proceed with his action as a pauper under § 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

A review of the dismissal orders in Magee's prior prisoner actions in this Court reveals that Magee has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief could be granted. Magee is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of § 1915(g): (1) *Magee v. Helsel*, N. D. Cal. Case No. C 93-3507 DLJ (civil rights action dismissed as duplicative and frivolous); (2) *Magee v. Romines*, N. D. Cal. Case No. C 93-3638 DLJ (civil rights action dismissed for failure to state a claim and legally frivolous); (3) *Magee v. Reardon*, N. D. Cal. Case No. C 94-3815 DLJ (civil rights action dismissed as malicious because it was duplicative of an earlier action); (4) *Magee v. Meyer*, N. D. Cal. Case No. C 95-3855 DLJ (civil rights action dismissed as malicious because it was duplicative of an earlier action); (5) *Magee v. Jensen*, N. D. Cal. Case No. C 95-2520 DLJ (civil rights action dismissed as malicious because it was duplicative of an earlier action); (6) *Magee v. Foreman*, N. D. Cal. Case No. C 94-4298 DLJ (petition for writ of

mandamus dismissed as malicious because it was duplicative of an earlier action). Each of the above dismissals reviewed by this court constitutes a strike under § 1915(g).

In light of these dismissals, and because Magee does not appear to be under imminent danger of serious physical injury, he is **ORDERED TO SHOW CAUSE** in writing filed no later than **February 20, 2012** why the Court should not (1) deny his *in forma pauperis* application and (2) dismiss this action pursuant to 28 U.S.C. § 1915(g)**.** In the alternative to showing cause, Magee may avoid dismissal by paying the full $350.00 filing fee by the deadline.

IT IS SO ORDERED.

Dated: January 26, 2012

_____
EDWARD M. CHEN
United States District Judge