UNITED STATES DISTRICT Court

NORTHERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,

    Plaintiff,

    v.

WILLIAM KWONG; *et al.*,

    Defendants.

No. C-11-4071 EMC (pr)

**ORDER OF DISMISSAL**

## I. INTRODUCTION

Ruchell Cinque Magee, a prisoner at California State Prison - Corcoran filed this pro se civil rights action under 42 U.S.C. § 1983. He sought leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Magee was ordered to show cause why his *in forma pauperis* application should not be denied under 28 U.S.C. § 1915(g) and the action should not be dismissed. This matter is now before the Court for consideration of Magee's response to the order to show cause as well as a habeas petition and his "Statement For Disqualification of Judge Edward M. Chen." The "Statement For Disqualification" is construed to be a recusal motion, and must be addressed first.

## II. DISCUSSION

A. <u>Recusal Motion</u>

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 provides for recusal of the judge before whom a matter is pending upon the filing by a party of a "sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." Section 455 also provides grounds for disqualification, and requires a judge

to disqualify himself in any proceeding in which his impartiality might reasonably be questioned. *See* 28 U.S.C. § 455(a). As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 506 n.30 (N.D. Cal. 1976).

Magee's recusal motion does not meet the legal sufficiency requirement of § 144 because the allegations of bias are conclusory and do not allege an extrajudicial basis for the alleged bias or prejudice. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566-67 (9th Cir. 1995) (affidavit inadequate when based on conclusory allegations of bias); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387-88 (9th Cir. 1988) (district judge correctly rejected disqualification motion as legally insufficient and had no duty to refer it to another judge because the alleged bias or prejudice did not arise from an extrajudicial source). For similar reasons, the motion is insufficient to show bias under either § 455. It appears that Magee is alleging bias and prejudice based on the undersigned's issuance of the order to show cause in this action and issuance of an order of transfer in *Magee v. Flores*, Case No. C 11-1927 EMC. It is well-established that actions taken by a judge during the normal course of the proceedings are not proper grounds for disqualification. *See United States v. Scholl*, 166 F.3d 964, 977 (9th Cir. 1999) (judge properly denied motion for disqualification based on his prior service as prosecutor and his actions during the proceedings because neither ground required recusal); *see also Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (court's adverse rulings are not an adequate basis for recusal). Magee also expresses dissatisfaction with other judges in the Northern District, but the alleged acts or views of other judges are not relevant to the recusal inquiry. Accordingly, the recusal motion is **DENIED**. (Docket # 8.)

B. <u>The Habeas Petition</u>

Although this action was commenced as a civil rights action under 42 U.S.C. § 1983, Magee filed a petition for writ of habeas corpus after the Court issued the order to show cause on the *in forma pauperis* application. The petition for writ of habeas corpus cannot be entertained within a civil rights action; if it ever may proceed, it must be filed as a separate action.

Magee's petition for writ of habeas corpus seeks to challenge his 1975 conviction from the Santa Clara County Superior Court. The Court denied Magee's petition for writ of habeas corpus challenging that conviction in *Magee v. Rowland*, Case No. C 90-3618 DLJ on April 12, 1991. The Court dismissed Magee's petition for writ of habeas corpus in *Magee v. Marshall*, Case No. C 93-3637 DLJ on June 6, 1995, after respondent moved to dismiss the petition as an abuse of the writ. A second or successive petition may not be filed in this Court unless Magee first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). Magee has not obtained such an order from the Ninth Circuit. The petition accordingly is **DISMISSED** without prejudice to Magee filing a new habeas action if he ever obtains the necessary order from the Ninth Circuit.

C.  The *In Forma Pauperis* Application

On January 26, 2012, the Court ordered Magee to show cause why the *in forma pauperis* application should not be denied and this action should not be dismissed under § 1915(g), which provides that a prisoner may not bring a civil action *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In the order to show cause, the Court identified six prior dismissals that appeared to count under § 1915(g).[1]

Magee failed to show that any of the prior dismissals could not be counted under § 1915(g). He filed several documents complaining about various perceived inequities in the administration of justice and his unsuccessful litigation efforts. He complained particularly about a pre-filing review order that was entered on May 10, 1995 in *Magee v. Marshall*, Case No. C 93-3637 DLJ, and vacated on May 2, 2005 in *In re Ruchell Cinque Magee*, Case No. C 05-80075 MISC VRW. His arguments are misguided. The prefiling review order is irrelevant to the present inquiry because

---

[1] The order to show cause also stated that Magee also could avoid dismissal by paying the filing fee by the deadline. He did not pay the filing fee.

3

none of the dismissals listed in the order to show cause was dismissed under authority of the pre-filing review order.

Notwithstanding the existence of three or more dismissals of actions as frivolous, malicious or for failure to state a claim upon which relief may be granted, a prisoner-plaintiff may avoid dismissal under § 1915(g) if he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Whether the prisoner-plaintiff is under imminent danger is to be assessed as of the time of filing the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). The Court "should not make an overly detailed inquiry into whether the allegations qualify for the exception." *Id.* at 1055. It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.; see, e.g., id.* (in action for Eighth Amendment violation based on the threat prisoner faced from contagious diseases in prison, allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *id.* at 1057 ("prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three-strikes exception" even if prisoner had already contracted a contagious disease and complained of being housed near prisoners with contagious diseases); *cf. Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged ongoing danger where he repeatedly had been housed near enemies, despite his protests, and where he filed his complaint very shortly after being attacked by an enemy); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 n.1 (3d Cir. 2001) (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger); *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults by fellow inmates and before he filed his complaint). "The harm from some ongoing practices may be sufficiently obvious without showing a past injury resulting from it. . . . [A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue

allegations that the ongoing practice has produced past harm." *Andrews II*, 493 F.3d at 1057 n.11. The imminent danger must have a nexus to at least one of the plaintiff's claims. *See Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009); *see generally Andrews II*, 493 F.3d at 1056-57 & n.11.

Here, Magee's complaint alleges two claims: (1) some defendants engaged in misconduct (i.e., attempted to avoid service of process and improperly removed the case from state to federal court) in a civil action he had filed, and (2) some defendants intercepted mail and thereby obstructed grand jury proceedings that allegedly were investigating defendants' role in concealing a jury acquittal and other evidence in Magee's 1975 criminal case. *See* Docket # 1.

With regard to the imminent danger exception in § 1915(g), Magee made several statements. He stated in his complaint that his placement in the C-facility of Corcoran Substance Abuse Treatment Facility is "designed to force plaintiff into violence (killing or be killed) position." *Id.* at 4 (errors in source). In an "Ex Parte: Motion For Hearing On Imminent Endangerment Of Life" filed with the complaint, Magee stated that his retention in the Corcoran prison put him in a "kill or be killed" position against other dysfunctional inmates. Docket # 3, pp. 1-2. In his "Demand Show Cause And Hearing On Imminent Endangerment On Life," after railing against the judiciary for nine pages, Magee stated "[t]hese are imminent endangerment of life denying access to court tactics by corrupted judges overstepping their judicial boundry overboard - in combination with retaliatory transfer by within prison officials and the California attorney general. [¶] Complaint reflect plaintiff held under inhuman conditions leading to high blood pressure with death threaten stroke and heart attack effect." Docket # 7, p. 10 (errors in source). Magee's statements are not sufficient to bring him within the imminent danger exception to § 1915(g). The alleged danger is not alleged to be causally connected to either of the two claims in the complaint. Further it is not plausible that the conditions he has identified – being "force[d] into violence" and having high blood pressure – were caused by defendants' alleged misconduct in civil litigation and alleged interception of mail. The complaint does not "reveal a nexus between the imminent danger it alleges and the claims it asserts." *Pettus*, 554 F.3d at 298; *see, e.g., id.* at 299 (imminent danger requirement not satisfied

1 because the alleged dangerous prison conditions were not fairly traceable to defendants' alleged
2 actions in plaintiff's criminal case).

3 Magee has not paid the filing fee, has not shown that any of the prior dismissals cannot
4 properly be counted as dismissals under § 1915(g), and has not shown that he fits within the
5 "imminent danger" exception in § 1915(g). The Court finds that the six prior dismissals identified in
6 the order to show cause count as dismissals for purposes of § 1915(g). The *in forma pauperis*
7 application therefore is **DENIED**. (Docket # 2, # 10.)

8 Magee's applications for a hearing on the "imminent danger" exception are **DENIED**.
9 (Docket # 3, # 11.) The Court has considered his written arguments in those applications, but will
10 not hold an oral hearing on the matter.

### III. CONCLUSION

12 In light of the denial of the *in forma pauperis* application, this action is **DISMISSED**
13 pursuant to 28 U.S.C. § 1915(g). The dismissal is without prejudice to Magee asserting his claims in
14 an action for which he pays the full filing fee at the time he files his complaint.

15 The Clerk shall close the file.

17 IT IS SO ORDERED.

19 Dated: February 28, 2012

_____
EDWARD M. CHEN
United States District Judge